MARY KAVANAGH, PLAINTIFF-RESPONDENT, v. AUGUSTA
E. BERMAN, DEFENDANT-APPELLANT.

Submitted May term, 1926—Decided November 11, 1926—Filed
January 5, 1927.

Sale of Real Estate—Alleged Fraud of Agent—Plaintiff Proved That She Told Agent She Desired Lot Upon Which to Build a Home and That He Recommended the One in Question— After Payment of Considerable Money, She Saw the Lot and Found it Under Water—Agent Testified That She Saw Lot Before Payment—Held, That There was Sufficient Evidence to Support Plaintiff's Judgment Obtained in the District Court, and, Accordingly, Will be Sustained Here.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the defendant-appellant, *McCarter & English*.

For the plaintiff-respondent, *Henry W. Lewis*.

PER CURIAM.

This is an appeal by the defendant below (hereafter called the defendant) from a judgment of the District Court of the city of Atlantic City. The action was instituted to recover the sum of $500 paid upon a contract made between the plaintiff below (hereafter called the plaintiff) and the defendant, for the purchase of a lot at Margate City, New Jersey, which is near Atlantic City. The lot was sold to the plaintiff through the activities of one Abraham Littman, an agent of the defendant. Littman called upon the plaintiff. He produced a map of Margate City. He showed her on the map the lot (designated as lot 2, block 3A), and stated that it was a bargain at the price it was offered at. The plaintiff stated that she did not want a lot for investment, but did wish to purchase a lot upon which to build a home. Littman assured her that the lot was suited for this purpose. The plaintiff paid Littman $100. Later, she signed an agreement to purchase the lot for $3,800, and the plaintiff paid on account the further sum of $400. The testimony of the plaintiff is to the effect that after having entered into this agreement she inspected the lot on the following Sunday. She found the boardwalk and seawall at Margate City destroyed and the lot covered with water. She saw Littman on the following day and told him that she could not build a home on the lot and demanded the return of the money she had paid. This testimony was contradicted by Littman, who testified that the plaintiff had seen the lot before the agreement to purchase was made by her and was perfectly satisfied with it. In some particulars his testimony was corroborated by a stenographer in his employ. This contradictory testimony which bore upon the question of fraud raised a disputed question of fact, namely, whether the plaintiff had been defrauded or not, for the de-

cision of the lower court. The District Court found as a fact that there was fraud. The judgment rendered was based upon this finding. The argument of the appellant is to the effect that the evidence did not warrant this finding of fact. We cannot say there was no evidence to support the finding of fraud. It is well settled that upon an appeal from a District Court, if there be any evidence to support the finding of fact upon which the judgment is based, the judgment will be sustained. *Duff* v. *Prudential Insurance Co.*, 90 *N. J. L.* 646.

The judgment is affirmed, with costs.